# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKOBKOKHVYAN MAKSIM, | Case No.: 1:25-cv-00955-SKO (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S RENEWED MOTION TO ENFORCE JUDGMENT |
| v. | |
| | [Doc. 18] |
| WARDEN, GOLDEN STATE ANNEX, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 9, 2025, the Court granted the petition and directed Respondent to provide Petitioner with a bond hearing before an immigration judge. (Doc. 12.) On November 25, 2025, Petitioner filed a motion to enforce judgment. (Doc. 14.) Petitioner stated that Respondent failed to provide him with a bond hearing in accordance with the Court's order. On December 1, 2025, the Court denied the motion finding Petitioner had been provided a bond hearing before an immigration judge in compliance with the Court's order. (Doc. 17.)

On December 12, 2025, Petitioner, via retained counsel, submitted a renewed motion to enforce the judgment. (Doc. 18.) Petitioner asks the Court to revisit its previous denial of the motion to enforce judgment.

1

## DISCUSSION

In the Court's order granting the petition, the Court ordered Respondent:

to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in Singh v. Holder, 638 F.3d 1196 (9th Cir. 2011), at which:

a. "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," Singh, 638 F.3d at 1203; and

b. the IJ should consider Petitioner's financial circumstances or alternative conditions of release in the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond.

(Doc. 12 at 11.)

It is undisputed that a bond hearing before an immigration judge was provided and held on November 14, 2025. (Doc. 15-1 at 3.)  The Court previously noted that "the Immigration Judge ("IJ") had denied Petitioner release finding that Petitioner poses a substantial risk of flight." (Doc. 17 at 2.) The Court further found that the "IJ applied the correct standard and cited numerous reasons in support of his decision," and "that Petitioner has been granted relief as ordered by the Court." (Doc. 17 at 2.)

Petitioner challenges the Court's findings on several grounds, contending the hearing did not comply with the Court's order or constitutional due process requirements. (Doc. 18 at 3.) Petitioner's arguments are not persuasive.

First, Petitioner contends the IJ failed to apply the clear and convincing standard. (Doc. 18 at 4.) The Court has already ruled that the IJ applied the correct clear and convincing standard and cited numerous reasons in support of the decision. (Doc. 17 at 2.) Petitioner's arguments to the contrary are without merit. In its order, the IJ specifically stated: "The Court finds that the U.S. Department of Homeland Security *has demonstrated by clear and convincing evidence* that the Respondent is a flight risk and his continued detention is properly justified." (Doc. 15-1 at 3) (emphasis added). The IJ noted several reasons: 1) Petitioner's very short period of residence; 2) no substantial or immediate family ties such as a spouse or children; 3) no family times [sic] that will entitle him to reside permanently in the United States in the future; 4) arrived in the United States at a Port of Entry without the use of the CBP-One App or other pre-determined arrival date; 5) arrived without valid entry documents; 6) has no established work history in the United States; 7) has no record of appearance in Court in a non-

2

detained setting; and 8) minimal community ties. (Doc. 15-1 at 3.) The IJ also noted that Petitioner had a fixed address and an uncle who sponsors him. (Doc. 15-1 at 3.) Based on these findings, the IJ concluded the Government had carried its burden.  In light of the foregoing, Petitioner fails to demonstrate that the IJ applied an incorrect standard.

Petitioner also alleges that the reasons stated by the IJ are "generalized factors," but he fails to show how these factors were inapplicable or unfounded. Moreover, these "generalized factors" are the factors specifically noted by the Ninth Circuit in Singh v. Holder as factors to be considered by immigration judges in determining whether an alien presents a flight risk or danger to the community. Singh v. Holder, 638 F.3d 1196, 1206 (9th Cir. 2011) (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006)). In addition, this Court directed the IJ to conduct the hearing in accordance with Singh. Thus, the IJ's decision comported both with this Court's order and Ninth Circuit precedence. Respondent is also correct that the Court cannot review the IJ's discretionary decision, or "second guess the IJ's weighing of the evidence." Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. 2021); Prieto-Romero v. Clark, 534 F.3d 1053, 1058 (9th Cir. 2008) (citing 8 U.S.C. § 1226(e)). Rather, this Court's review is limited to whether the IJ's decision "reflects clear legal error or is unsupported by sufficient evidence." Hilario Pankim v. Barr, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (citation and quotation omitted); Calmo v. Sessions, 2018 WL 2938628, at * 4 (N.D. Cal. June 12, 2018). Petitioner has not shown, and the Court cannot find, that the IJ committed clear legal error or rendered a decision unsupported by sufficient evidence.  The proper jurisdiction for review of the IJ's discretionary decision is the Board of Immigration Appeals ("BIA"), see Prieto-Romero, 534 F.3d at 1058, and in fact, Petitioner is proceeding with an appeal of the IJ's decision to the BIA.

Petitioner next contends that the IJ failed to consider alternative conditions of release or take into account Petitioner's financial circumstances as ordered by the Court. (Doc. 18 at 5.) Respondent is correct that the Court's order directed the IJ to consider Petitioner's financial circumstances or alternative conditions of release "*in the event* Petitioner is determined not to be . . . so great a flight risk as to require detention without bond." (Doc. 12 at 11) (emphasis added).  The IJ determined Petitioner was so great a flight risk as to require detention without bond. Thus, the IJ did not contravene the Court's order by failing to consider Petitioner's financial circumstances or alternative

conditions of release. Respondent also correctly notes that the IJ's failure to specifically state he considered these factors does not mean he failed to consider them. The IJ is presumed to have considered the evidence before him, and Petitioner's arguments do not overcome this presumption. See Larita-Martinez v. I.N.S., 220 F.3d 1092, 1095 (9th Cir. 2000) (noting the presumption that an immigration tribunal, like other reviewing tribunals, reviewed the evidence before it).

Petitioner also contends that the IJ's reasoning that Petitioner's removal order provides "less incentive to report for removal" shows the IJ fundamentally misunderstood the legal significance of "withholding of removal." (Doc. 18 at 6.) Again, the Court cannot review the IJ's discretionary determination or reweigh the reasons stated by the IJ. Prieto-Romero, 534 F.3d at 1058.  The IJ's reason is not clearly erroneous, as it is certainly arguable that a removal order provides less incentive to report. Petitioner notes he was granted withholding of removal to Armenia; however, withholding of removal to Armenia does not mean Petitioner cannot alternatively be removed to a third country, provided Petitioner's due process rights are not violated.

In his reply, Petitioner also contends that the hearing took place 37 days after the Court's order, rather than 30 days as had been ordered. Be that as it may, the remedy for the delay would have been ordering Respondent to show cause why the hearing was not conducted on time and ordering Respondent to promptly provide said hearing, or grant Petitioner's release with appropriate conditions. The hearing was held late only by 7 days. Petitioner was not prejudiced since the IJ determined he was too great a flight risk to be released.  The Court does not find ordering a second hearing or Petitioner's outright release warranted based on a hearing delayed by 7 days.

For the foregoing reasons, Petitioner's renewed motion to enforce judgment is DENIED.

IT IS SO ORDERED.

Dated:  __**January 9, 2026**__          ____/s/ *Sheila K. Oberto*_____
                                        UNITED STATES MAGISTRATE JUDGE